UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,  NO.: 19-CR-342 (ECT/LIB)

                Plaintiff,

v.  **MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS (Doc. #43)**

SHALAINA STAR STATELY,

                Defendant.

Defendant Shalaina Star Stately, by and through her attorney, provides the following Memorandum in Support of her Motion to Suppress. (Doc. #43). The issue before this Court is whether the Supreme Court's holding in Padilla v. Kentucky, 559 U.S. 356 (2010) prohibits the use of Defendant's tribal court plea in this prosecution. Defendant submits that in the unique context of a Red Lake tribal court plea, the holding of Padilla requires a defendant be advised that a guilty plea could be used in a subsequent federal prosecution.

Defendant recognizes that the Eighth Circuit has definitively stated that the use of a guilty plea in a subsequent federal proceeding is not a direct consequence of a plea and may be used against a defendant in a subsequent related prosecution. United States v. Williams, 104 F.3d 213, 216 (8th Cir. 1997). The reasoning in Williams rests on the difference between direct and collateral consequences as related to the Sixth Amendment and Strickland v. Washington, 466 U.S. 668 (1984). Generally, a defendant must only be advised of a direct consequence of a guilty plea, not potential collateral consequences.

1

The hard line difference between direct and collateral consequences of a guilty plea was called into doubt by the Supreme Court's decision in Padilla. In Padilla, Court held that under the Sixth Amendment, counsel must inform a defendant "whether his plea carries a risk of deportation" for the plea to be valid. 559 U.S. at 374. In doing so, the Court determined that deportation advice, as a potential consequence of a guilty plea, was not "categorically removed" from the bounds of the Sixth Amendment and effective assistance of counsel. Padilla, 559 U.S. at 364-66. Three years after Padilla, the Supreme Court revisited the holding in Chaidez v. Unites States, 568 U.S. 342, 358 (2013) and reiterated that Padilla did announce a "new rule". In Chaidez, the Supreme Court did not renounce the direct-collateral distinction, but did continue to recognize that "unique" situations like deportation exist which move a collateral consequence into Sixth Amendment protection. Chaidez, 568 U.S. at 352-53. The collateral consequence at issue before this Court is like the one that justified the limited exception found in Padilla.

On October 31, 2019, Defendant appeared in Red Lake tribal court on misdemeanor charges arising from the same incident as the charges in this case. (Tr. at p. 15). Defendant was represented by a court appointed tribal lawyer. (Tr. at p. 15). The lawyer negotiated a resolution of Defendant's case wherein she pled guilty to the charges. (Tr. at pp. 15-16) (Exhibit 4). Defendant testified she was never advised by her lawyer or tribal court that her guilty plea and conviction could be used against her in this Court. (Tr. at p. 16). She also testified that had she been advised of the potential use of her guilty plea in federal court she would not have pled guilty. (Tr. at p. 16).

In determining whether the new rule in Padilla, applies to the collateral

consequence in this case, the Supreme Court provided some guidance in <u>Chaidez</u>. First, the Court must determine whether the <u>Strickland</u> test applies. <u>Chaidez</u>, 568 U.S. at 349. The Supreme Court reasoned that what made immigration consequences unique was the "'particularly severe' penalty, and one 'intimately related to the criminal process'". <u>Chaidez</u>, 568 U.S. at 352. In this case, Defendant's guilty plea exposes her to a particularly severe penalty. While her plea in tribal court exposed her to a maximum sentence of one year, that same plea, in this case, exposes her to a particularly severe penalty of a maximum sentence of 15 years in federal prison. (Doc. #1; <u>see</u> 18 U.S.C. § 2111). While there is no guarantee a Red Lake tribal court defendant will be subsequently charged in this Court, that is no different from the fact that there is no guarantee that immigration consequences will flow from a criminal plea.

What further makes an un-counseled plea in Red Lake tribal court unique is the interplay between Red Lake tribal court and the shared jurisdiction with the federal government pursuant to the Major Crimes Act. Beyond the shared jurisdiction, Red Lake and the federal government share investigative resources; something that was done in this case. (Tr. at pp. 24-25). The close knit interplay between Red Lake and the federal government creates a unique circumstance like the one the Supreme Court found in <u>Padilla</u>.

Once a unique circumstance is identified, then the reviewing court must apply the <u>Strickland</u>, test. <u>Chaidez</u>, 568 U.S. at 348. Specifically, this Court must determine whether the legal representation violated the Sixth Amendment in that "it falls 'below an objective standard of reasonableness,' as indicated by 'prevailing professional norms,' and

the defendant suffers prejudice as a result." Chaidez, 568 U.S. at 348.  Here, this Court has certainly presided over enough Red Lake cases to recognize that it is not uncommon for a defendant, like Ms. Stately, to appear on similar federal charges.  Given this fact, it is reasonable to require a lawyer in Red Lake tribal court to advise a client that his or her plea may be used against her or him in federal court.  As for prejudice, Defendant certainly faces prejudice as a result of her plea-her own admissions now give the Government direct evidence of her guilt in this case where instead of probation she faces prison.

Defendant asks this Court to follow the guidance of the Supreme Court and recognize that in the unique circumstances of Red Lake the potential collateral consequence of a tribal court plea in relation to federal prosecution implicates the Sixth Amendment.  And, in this case, that requires Defendant's tribal court plea be suppressed.

Respectfully submitted,

**WOLD MORRISON LAW**

Dated: December 1, 2020.

s / Peter B. Wold
Peter B. Wold, ID #118382
TriTech Center, Suite 705
331 Second Ave South
Minneapolis, MN  55401
Telephone:  612.341.2525